## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PGA TOUR, INC., a Maryland corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. _____ |
| DIGITAL ALLY, INC., a Nevada corporation, | ) ) ) ) |
| Defendant. | ) ) ) ) |

## COMPLAINT

Plaintiff PGA TOUR, Inc. for its cause of action against Defendant Digital Ally, Inc. alleges and states as follows:

### Parties, Jurisdiction, and Venue

1.  Plaintiff PGA TOUR, Inc. ("TOUR") is a Maryland corporation with its principal place of business in Ponte Vedra Beach, Florida.

2.  Defendant Digital Ally, Inc. ("Digital Ally") is a Nevada corporation registered to do business in Kansas and with its principal place of business in Lenexa, Kansas.

3.  Digital Ally may be served with process by serving its resident agent Stanton E. Ross at 9705 Loiret Boulevard, Lenexa, Kansas, 66219.

4.  This Court has subject matter jurisdiction over TOUR's claims under 28 U.S.C. 1332. TOUR and Digital Ally are citizens of different states, and the amount in controversy exceeds $75,000.

5. Venue is proper in this Court under 28 U.S.C. 1391(b)(1) & (2) because Digital Ally's principal place of business is in Kansas and Digital Ally's acts and omissions giving rise to breach of contract occurred in substantial part in Kansas.

## Facts

6. TOUR is an organization of professional tournament golfers which co-sponsors, operates, and/or sanctions professional golf tournaments including those held as part of the Web.com Tour.

7. On April 16, 2015, TOUR entered into a contract with Digital Ally called "Web.com Tour Title Sponsor Agreement" ("Agreement"). *See* Excerpted Agreement, attached as Exhibit A.

8. Under the Agreement, Digital Ally would be a title sponsor of and receive certain naming and other rights and benefits associated with the Web.com Tour for 2015 through 2019 in exchange for Digital Ally's payment to TOUR of annual sponsorship fees.

9. Section 1 of the Agreement provided that the term of the Agreement commenced as of the "Effective Date" of April 16, 2015 and would terminate the day after the conclusion of the 2019 Web.com Tour tournament. Ex. A. at 1.

10. Section 5.1 of the Agreement required Digital Ally to pay sponsorship fees according to a payment schedule spread over the term of the Agreement. Ex. A at 5.[1]

11. Section 8.1 of the Agreement defined an "Event of Default" as follows:

> **8.1  *Definition*.** The occurrence of any one or more of the following events prior to the expiration of the Term shall constitute an "**Event of Default**" hereunder:

---

[1] TOUR considers the details set forth in Section 5.1 as well as other portions of the Agreement to be confidential and proprietary. TOUR intends to work cooperatively with Digital Ally to agree on terms of proposed protective order to be submitted for the Court's approval which would permit the submission of the Agreement to the Court without redaction.

>> (a) Default in the performance or observance of any of the terms, agreements, covenants or conditions of this Agreement, which default continues for ten (10) days after written notice thereof for any monetary default . . . .

Ex. A. at 11.

12. Section 8.2 of the Agreement provided for remedies in the event of an Event of Default:

> ***8.2 Remedies***.  Upon the occurrence of any Event of Default which remains uncured after the period for cure has expired, and in addition to all other rights and remedies which the non-defaulting parties may have under law, the non-defaulting parties shall have the right to immediately terminate this Agreement and shall have no further obligations hereunder . . . .  Notwithstanding any provision to the contrary, no party shall be responsible for another party's breach or default or any remedy associated therewith. Termination under this Section 8 hereof shall be without prejudice to any existing rights or claims.

Ex. A at 12.

13. In accordance with the Agreement, Digital Ally was required to pay TOUR $190,000 of the annual sponsorship fee for 2017 (the "2017 Partial Sponsorship Fee") **thirty** (30) days before the 2017 Web.com Tour Tournament.

14. Digital Ally did not make the 2017 Partial Sponsorship Fee 30 days before the 2017 tournament and to date still has not paid.

15. Digital Ally's failure to make the 2017 Partial Sponsorship Fee was a material breach of the Agreement.

16. Digital Ally's failure to make the 2017 Partial Sponsorship Fee was an "Event of Default" under Section 8.1 of the Agreement.

17. On November 2, 2017, in accordance with the Agreement's notice provisions, TOUR gave Digital Ally written notice of default and demanded payment within ten (10) days of the notice.

18. Digital Ally did not pay the 2017 Partial Sponsorship Fee within ten (10) days of the notice of default.

19. According to the schedule set forth in Section 5.1 of the Agreement, Digital Ally was required to pay $150,000 of the annual sponsorship fee to TOUR for the 2018 Web.com Tour Tournament (the "2018 Partial Sponsorship Fee") on or before November 25, 2017.

20. Digital Ally did not make the 2018 Partial Sponsorship Fee on or before November 25, 2017, and to date still has not paid.

21. Digital Ally's failure to make the 2018 Partial Sponsorship Fee was a material breach of the Agreement.

22. On January 12, 2018, TOUR gave Digital Ally written notice that it was immediately terminating the Agreement as permitted by Section 8.2 of the Agreement.

### Count I
### (Breach of Contract)

23. TOUR incorporates the allegations set forth in Paragraphs 1 through 22 above.

24. Digital Ally and TOUR entered into a valid contract in which TOUR was to receive sponsorship fees.

25. TOUR at all material times performed or substantially performed the essential and/or significant requirements of the Agreement and at all times has acted in good faith.

26. Digital Ally materially breached the Agreement by failing to pay sponsorship fees owed under the terms of the Agreement.

27. Digital Ally's material breach of the Agreement has caused and continues to cause TOUR to suffer damages, including but not limited to the unpaid $340,000 for the 2017 Partial Sponsorship Fee and the 2018 Partial Sponsorship Fee as well as the remaining sponsorship fees owed for the 2018 Tournament and the sponsorship fees for the 2019 Tournament which TOUR would have received but for Digital Ally's breach.

## Count 2
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

28. TOUR incorporates the allegations set forth in Paragraphs 1 through 27 above.

29. Digital Ally and TOUR entered into a valid contract for sponsorship fees as set forth above and memorialized in Exhibit A.

30. TOUR at all material times performed or substantially performed the essential requirements under the Agreement and at all times has acted in good faith.

31. Digital Ally's acts and omissions have unfairly interfered with TOUR's receipt of the contract's benefits including but not limited to the unpaid $340,000 for the 2017 Partial Sponsorship Fee and the 2018 Partial Sponsorship Fee as well as the remaining sponsorship fees owed for the 2018 Tournament and the sponsorship fees owed for the 2019 Tournament which TOUR would have received but for Digital Ally's breach.

32. Digital Ally's conduct did not comport with TOUR's reasonable contractual expectations under the Agreement.

33. Digital Ally's conduct has harmed and continues to harm TOUR.

## Prayer for Relief

WHEREFORE, TOUR asks this Court to enter judgment in its favor and against Digital Ally as follows:

1. Compensatory damages for Digital Ally's breach of the Agreement of approximately $1.19 million;

2. Pre- and post-judgment interest;

3. The costs of this action; and

4. Such other and further relief as the Court deems just and equitable.

## JURY DEMAND

TOUR demands a trial by jury on all issues triable to a jury.

## DESIGNATION OF PLACE OF TRIAL

TOUR designates Kansas City, Kansas, as the place of trial of this cause of action.

Respectfully submitted,

FOULSTON SIEFKIN LLP

By: *s/ Holly A. Dyer*
Anthony F. Rupp            KS# 11590
32 Corporate Woods, Suite 600
9225 Indian Creek Parkway
Overland Park, KS  66210
T:  913.498.2100
F:  913.498.2101
trupp@foulston.com

and

Holly A. Dyer         KS #16644
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
T:  316.267.6371
F:  316.267.6345
hdyer@foulston.com
*Attorneys for Plaintiff*